IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------  :
UNITED STATES OF AMERICA           : CASE NO. 5: 07 CR 00563
                                                       :
                                      Plaintiff  :
                                                       : MEMORANDUM OF OPINION AND
            -vs-                                : ORDER DENYING SUPPRESSION
                                                       : MOTIONS FROM DEFENDANTS
                                                       : EDDIE GRANT AND TERRANCE
ERVIN THOMAS, et al.,                 : THOMAS
                                                       :
                                      Defendants :
---------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 7 November 2007, the government unsealed a nineteen count Indictment against thirteen defendants, accused of possessing and conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, as well as 18 U.S.C. §§ 1952, 1956, & 2. (Docket No. 1). On 12 November 2008, in a Memorandum and Order ("12 November Order") this Court denied co-defendant Ervin Thomas' motion to suppress conversations intercepted pursuant to Title III wiretap orders on five separate occasions: 30 May, 29 June, 20 July, 31 July, and 30 August 2007. (Doc. 223, 270).

Pursuant to the 12 November Order, this Court first denied Ervin Thomas' challenge that the affidavit evidence presented to the issuing Judge failed to support probable cause sufficient to allow the belief that incriminating communications would be intercepted. (Doc. 270, pp. 6-9). Second, this Court denied Ervin Thomas' 18 U.S.C. § 2518(1)(c) challenge of the issuing Judge's finding that the wiretap application

established the "necessity" for the electronic surveillance.  (Doc. 270, pp. 9-11).  Finally, this Court denied Ervin Thomas' challenge to the government's fidelity toward the reporting and sealing requirements of Title III authorization orders.  (Doc. 270, p. 2).

Following this Court's 12 November Order, Ervin Thomas' co-defendants Eddie Grant and Terrance Thomas filed separate, but substantially similar, motions to suppress the wiretap evidence.  (Docs. 276, 279).  The government responded in opposition (Doc. 281), and those motions are now before the Court for resolution.

The motions to suppress by Eddie Grant and Terrance Thomas are not only substantially similar to each other, but also tread the same ground as that covered earlier by their co-defendant Ervin Thomas.  As such, inasmuch as the motions by Eddie Grant and Terrance Thomas stand on all fours with Ervin Thomas' earlier challenge to suppress the Title III wiretap conversations on grounds of "sufficient evidence," "necessity," and "sealing obligations," this Court does not find it necessary to replicate its previous 12 November Order denying suppression.

The only manner in which the current motions to suppress by Eddie Grant and Terrance Thomas distinguish themselves from their co-defendant's prior suppression motion is in challenging the monitoring officers' reasonable efforts to minimize capturing conversations outside the ambit of the investigation.  Accordingly, the Court will address the substance of Eddie Grant's and Terrance Thomas' challenge to the "minimization" requirements of 18 U.S.C. 2518.

Pursuant to 18 U.S.C. 2518(5), "[e]very order and extension thereof . . . shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter."  Minimization requires an objective

2

assessment by the monitoring officer of the reasonableness of the interception in light of the purpose of the wiretap and the totality of the circumstances of each case.  See Scott v. United States, 436 U.S. 128, 130 (1978).

In assessing minimization, Courts look to the objective reasonableness of the interceptor's conduct, observing "[t]he statute does not forbid the interception of all non-relevant conversations, but rather instructs the agents to conduct the surveillance in such a manner as to 'minimize' the interception of such conversations."  Scott, 436 U.S. 128, 140.  In evaluating the application of 18 U.S.C. 2518(5), Courts consider the nature and complexity of the suspected crimes under surveillance, the thoroughness of the government precautions to effect minimization, and the degree of judicial supervision over the surveillance practices.  See United States v. Uribe, 890 F.2d 554, 557 (1st Cir. 1989).

Further, numerous courts have allowed broad latitude to interceptors where, as here, the investigation involved an interstate drug conspiracy communicating in code, where the wiretap not only serves to "incriminate the known person whose phone is tapped, [but] to learn the identity of the far-flung conspirators and to delineate the contours of the conspiracy."  United States v. Quintana, 508 F.2d 867, 874 (7th Cir. 1975).  See also United States v. Macklin, 902 F.2d 1320, 1328 (8th Cir. 1990) (permitting as reasonable a more far-reaching wiretap where conversations are in the jargon of the drug trade).

To establish a violation of minimization requirements, the Sixth Circuit looks for a movant to show a "pattern of interception of innocent conversations which develop over the period of the wiretap."  United States v. Lawson, 780 F.2d 535, 540 (6th Cir. 1985)

3

(finding no "prima facie pattern" of interception); see also United States v. Licavoli, 456 F. Supp. 960, 966 (N.D. Ohio 1978). In United States v. Giacolone, 853 F.2d 470 (6th Cir.) cert. denied, 488 U.S. 910 (1988), this Circuit determined that a defendant challenging the minimization requirements make an initial showing of contested facts to be entitled to an evidentiary hearing. Id. at 482.

Like the defendants in Giacolone, neither Eddie Grant nor Terrance Thomas provide specific examples of conversations which should not have been monitored. Neither defendant sets out, as each must under the law of this Circuit, a pattern of conversations establishing an abuse of the minimization requirements. Without these threshold showings the motions to suppress on the basis of the minimization requirements enunciated in 18 U.S.C. 2518(5) fail.

For the reasons discussed above, and predicated on this Court's 12 November 2008 Order (Doc. 270), this Court denies Eddie Grant's and Terrance Thomas' separate motions to suppress the conversations intercepted pursuant to the Title III wiretap orders of 30 May, 29 June, 20 July, 31 July, and 30 August 2007. The Court further denies Eddie Grant's and Terrance Thomas' motion to suppress any and all evidence derived from those conversations.

IT IS SO ORDERED.

    /s/Lesley Wells
    UNITED STATES DISTRICT JUDGE